UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MILLNER,<br><br>            Plaintiff,<br><br>     v.<br><br>MARTIN BITER, et al.,<br><br>            Defendants. | Case No.: 1:13-cv-02029-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 15] |

Plaintiff James W. Millner is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated the instant action on October 25, 2013, in the United States District Court for the Northern District of California. On December 9, 2013, the action was transferred to this Court. On February 10, 2014, Plaintiff filed a first amended complaint.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Warden Biter, Warden Folk, J. Anderson, D. Hicks, Sandoval, P. Vera, Flores, W. Seetster, J. Pelago, R. Sulier, D. Rodriguez, O. Marroquin, J.S. Diaz, Ngadjou, Pair, Dr. Mui Tell, Dr. Lozovoy, Dr. Chin, Dr. N. Kamar, Dr. Parton, J. Blackwell, and unidentified John Does as Defendants in this action. The events at issue took place while Plaintiff was housed at Kern Valley State Prison (KVSP). Plaintiff submits that he is mobility impaired, has trouble breathing, and anemia blood discover due to Valley Fever. Plaintiff contends that officers shoved him down to the payment causing several abrasions on his body and three bone breaks in his foot. The Warden told an unnamed Sergeant to take Plaintiff to Delano Hospital for x-rays of his foot. The Doctor at the hospital told the Sergeant that Plaintiff was in need of an evaluation by an orthopedic. Plaintiff's foot was wrapped in a temporary ace bandage.

Subsequently, the Sergeant would not let the hospital give Plaintiff a medical ambulation device and instead required him to hobble on one foot in pain. Plaintiff was never given a cast to treat the three broken bones in his foot, and two days later Plaintiff was transferred to High Desert State Prison (HDSP). While housed at HDSP, Plaintiff felt faint and fell to the ground breaking the radius bone in his arm and dislocating his writs and reinjured his foot. Medical personnel wrapped Plaintiff's arm and writs in an ace bandage and gave him Tylenol 3, noting that he was in need of surgery.

On July 31, 2013, Plaintiff was advised that he was a liability to the prison and he was transferred back to KVSP. Plaintiff's pain medication was not transferred. After surgery on his radius, Plaintiff fell again in his cell causing re-injury. The doctor ordered a second surgery and Plaintiff was retained in the treatment facility for five weeks. After performing blood work, it was discovered that Plaintiff is anemic and was losing blood. The second surgery was not successful and Plaintiff suffers with pain in his arm and wrist. Plaintiff suffered severe mental distress to the point of contemplating suicide.

As a result of the incident, Plaintiff was issued a rules violation report. Officers violated the time limits for conducting the hearing and did not allow him to call witnesses.

## III.

## DISCUSSION

**A.     Linkage**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Here, Plaintiff fails to link any of the individual defendants to any alleged violation of his rights. Although he refers to a Sergeant, he fails to demonstrate that each individual defendant personally participated in the deprivation of his rights. In other words, he does not allege by identity or otherwise that each defendant committed a specific fact. Plaintiff fails to allege facts linking any specific defendant to the purported violation of his rights. Plaintiff will be given leave to amend and in doing so Plaintiff should allege with specificity (to the extent possible) the identity of each individual defendant and the specific facts giving rise to the alleged violation. The Court will provide Plaintiff with the applicable legal standards should he chose to file an amended complaint.

### B.     Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff merely contends that "officers shoved" him to the pavement causing abrasions and three broken bones on his foot. In addition to just referring to unidentified "officers," Plaintiff does not include any other factual details to support this claim. Standing alone, Plaintiff's vague statement does not provide the level of detail necessary for the court to determine whether he states a colorable claim of excessive force against any named defendant. Plaintiff will be given the opportunity to amend the complaint, and Plaintiff must specifically describe defendants' conduct on which the

4

excessive force claim is based.  Accordingly, Plaintiff fails to state a cognizable claim for excessive force.

    **C.  Deliberate Indifference to Serious Medical Need**

  While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

  Deliberate indifference requires a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  Indeed, "neither negligence nor gross negligence will constitute deliberate indifference."  Clement v. Cal. Dep't Corrs., 220 F.Supp.2d 1098, 1105 (N.D. Cal. 2002) (citing Farmer, 511 U.S. at 835-836).  "[A] mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference.'"  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  See Shapley v. Nev. Bd. State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Also, the indifference must be substantial.  The action must rise to level of "unnecessary and wanton infliction of pain."  Estelle v. Gamble, 429 U.S. 97,105-106 (1976).

  Here, Plaintiff fails to establish that any named defendant acted intentionally or deliberately to inflict pain on Plaintiff.  While Plaintiff alleges he was not provided certain medical devices, he fails

to allege any facts to support an inference of deliberate indifference. To the extent Plaintiff alleges that his medical care was delayed or that he does not agree with the treatment provided, that is insufficient to state a claim for deliberate indifference. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need.

### D. Due Process Violation/Rules Violation Report

Plaintiff contends that his due process rights were denied because he was not afforded a timely hearing and was not allowed to present witnesses at the rules violation hearing.

With respect to disciplinary proceedings, it is established that a constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised by way of petition for writ of habeas corpus and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Plaintiff does not indicate whether he suffered a credit loss as a result of the rules violation. Accordingly, the Court cannot determine whether Plaintiff may proceed by way of § 1983, and he must amend the complaint to cure this deficiency.

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties

6

and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's amended complaint, filed February 10, 2014, is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 7, 2014**

UNITED STATES MAGISTRATE JUDGE