UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MILLNER,<br><br>        Plaintiff,<br><br>    v.<br><br>MARTIN BITER, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-02029-SAB (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF UNDER SECTION 1983<br><br>[ECF No. 23] |

Plaintiff James W. Millner is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's second amended complaint, filed June 11, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is incarcerated at Kern Valley State Prison (KVSP) in Delano, California. On July 14, 2013, at approximately 7:30 p.m., Sergeant Anderson and correctional officers Marroquin and Rodriguez went to Plaintiff's cell. Sergeant Anderson had Plaintiff's identification card in his hand which clearly demonstrated that Plaintiff wore a Mobility Impaired Vest. Plaintiff was handcuffed behind his back without resistance. Anderson, Rodriguez, and Marroquin then began to escort Plaintiff to the program office at a "very fast pace." Plaintiff has had eight back surgeries, three knee surgeries, two shoulder surgeries, and an injured spine.

One of the officers grabbed hold of Plaintiff's neck forcing his head and face to the payment. Anderson's had was around Plaintiff's neck cutting off Plaintiff's air supply. Plaintiff's left foot was broke and his right ankle was injured. Officer Rodriguez acted in concert with Anderson and helped him slam Plaintiff to the ground, and officer Marroquin forced his knee into Plaintiff's spine causing a lot of pain.

1       At the request of Associate Warden Patrick Denney, Anderson and Marroquin transported
2  Plaintiff to the hospital for x-rays on his foot and ankle caused by the prior assault earlier that evening.
3  Anderson parked near the rear of the hospital making Plaintiff "hobble" to the entrance.  The doctor at
4  the hospital ordered crutches but Anderson denied use of them.  The doctor told Anderson and
5  Marroquin that Plaintiff needed to see an orthopedic doctor first thing the following morning for three
6  broken bones in his foot and ankle.  Anderson informed the doctor that Plaintiff would be taken care
7  of.  When leaving the hospital, Anderson and Marroquin made Plaintiff walk across the parking lot in
8  severe pain telling Plaintiff to "run for it, so I can blast your ass."  Plaintiff contends the Associate
9  Warden placed Plaintiff in grave danger by allowing these officers to transport him.  Plaintiff was
10 never provided follow-up treatment after his return to KVSP.  He was later transferred to High Desert
11 State Prison (HDSP) without examination by any doctor.

12      Correctional officer J. Pelago wrote a false report accusing Plaintiff of assaulting Nurse
13 Ngadjou, for which Plaintiff was later found not guilty.  Plaintiff contends it was this action which led
14 to the assault by the use of excessive force by officers.  Officers Sulier, Sweetser, and Pelago did not
15 notify escorting staff that Plaintiff was mobility impaired.  Pelago, Sweetser, and Sulier watched as the
16 escorting staff assault Plaintiff causing great bodily injury.  Nurse Pair also watched the incident and
17 did nothing to stop the assault and failed to summon medical attention for his injuries.

18      A video tape interview of Plaintiff was conducted on January 15, 2013, by Captain Sandoval,
19 Lieutenant Diaz, and Sergeant Hicks.  Diaz assured Plaintiff that he would be provided appropriate
20 medical attention.  However, these officers never provided medical care to Plaintiff and worked in
21 concert with mental health staff, Doctor Kumar, J. Blackwell, the Chief Medical Officer, Doctor
22 Heather, and Doctor Mikrause.

23      Plaintiff contracted Valley Fever at KVSP in July 2012.  Doctor Mui who was handling the
24 Valley Fever issues failed to provide Plaintiff treatment for his problems.  Doctor Lozovoy denied
25 Plaintiff's inmate appeal regarding the denial of medical treatment.  Dr. Chin also failed to provide
26 Plaintiff treatment for Valley Fever.

27 ///
28 ///

1  After a painful transfer to HDSP, Dr. Murry and L. Pearson removed the ace bandage from
2  Plaintiff's ankle which caused severe side effects.  HDSP Warden Folk Fred failed to properly
3  supervise and train his medical staff.

4  Upon Plaintiff's return to KVSP, medical staff refused to provide Plaintiff pain medication for
5  his wrist.  Dr. Smith referred Plaintiff to Dr. Alade for surgery.  The surgery was performed by Dr.
6  Delieo.

7  Plaintiff was placed in administrative segregation for five months based on false allegations.
8  During this time, Plaintiff was not afforded proper access to the law library.  Lieutenant R. Speidell
9  dropped the rules violation report to an administrative violation.

## III.

## DISCUSSION

### A.    Rule 8 of the Federal Rules of Civil Procedure

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint.  Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct."  Federal Rule of Civil Procedure 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Federal Rule of Civil Procedure 10(b).  "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Federal Rule of Civil Procedure 10(b).

Plaintiff's second amended complaint is at times incoherent, incomplete, and unorganized, to the point the Court cannot decipher the exact nature and facts to support an alleged constitutional claim.  Plaintiff is advised that the function of the complaint is not to list every single fact relating to Plaintiff's claims.   If Plaintiff wishes to amend his complaint, he must set forth his claims in a simple, concise, and direct manner in order to meet the requirements of Rule 8.  The Court has attempted to summarize and analyze the facts and claims as best it can decipher.

///

///

**B.      Rule 18 and 20 of the Federal Rules of Civil Procedure**

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court advises Plaintiff that each claim that is raised in his complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Fed. R. Civ. P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

Plaintiff contends that, at some point in the midst of the alleged violations at KVSP, he was transferred from KVSP to HDSP, and then transferred back to KVSP on July 31, 2014. The complaint presents allegations against Defendants at both KVSP and HDSP. Thus, the complaint contains several different incidents that involve different sets of defendants at different facilities. For example, Plaintiff complains about excessive force, supervisory liability, deliberate indifference to a serious medical need-relating to the use of physical force and contraction of Valley Fever, retaliatory transfer, and a due process violation concerning a false disciplinary violation, against individuals at KVSP and HDSP. Plaintiff is advised that claims against defendants at HDSP should be pursued in a separate civil rights action in the Sacramento Division of the Eastern District of California. Furthermore, unless Plaintiff is able to satisfy the joinder requirement for other defendants at KVSP, Plaintiff should

5

limit his third amended complaint in this court to claims against defendants at KVSP that are properly joined. If Plaintiff files a third amended complaint and fails to comply with the joinder requirement, the Court will determine the leading claim(s) that may be cognizable (if any) and dismiss any other claims that are not properly joined.

### B. Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff names several individuals as defendants based on their role as a supervisor. As just stated there is no respondeat superior or vicarious liability. In order for an individual to be held liable, even a supervisor, Plaintiff must allege facts which demonstrate that he or she was personally involved in the constitutional violation or a causal connection between the supervisor's conduct and the violation. There is no liability, as Plaintiff alleges in his complaint, that one is responsible for the actions or omissions of another. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). In addition, any causal link between a supervisor and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's mere allegation that certain individuals are liable by way of their position as a supervisor is not sufficient to state a claim for relief under section 1983.

### C.     Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Although Plaintiff alleges that several different defendants used force and/or observed the use of force, Plaintiff has not clearly delineated the factual allegations surrounding the use of force.  As such, the Court cannot determine whether it is plausible that defendants used force "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 7.  Plaintiff does not explain what led to the incident, where the incident took place, what if any reasons were given by defendants for their actions, whether defendants engaged in other conduct to defuse the use of force, or why Plaintiff believes the use of force was extreme and unnecessary.  Accordingly, Plaintiff fails to state a cognizable claim for excessive force under the Eighth Amendment.

### D.     Deliberate Indifference Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to

1   an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled
2   in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v.
3   Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).
4   Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition
5   could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that
6   "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing
7   Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act
8   or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the
9   indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind
10  is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d
11  at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.
12      Here, Plaintiff fails to establish that any named defendant acted intentionally or deliberately to
13  inflict pain on Plaintiff.  Instead the allegations against the medical providers are vague, conclusory,
14  and lack sufficient particularity to put each individual on notice of the claims against them.  While
15  Plaintiff alleges he was not provided certain medical devices, he fails to allege any facts to support an
16  inference of deliberate indifference.  Vague and conclusory allegations are insufficient to rise to a
17  constitutional violation.  Iqbal, 556 U.S. at 678.  To the extent Plaintiff alleges that his medical care
18  was delayed or failure to provide a certain medication Plaintiff believes is necessary is insufficient to
19  state a claim for deliberate indifference.  Plaintiff must amend the complaint to demonstrate how each
20  individual defendant's actions rose to the level of "deliberate indifference."  Accordingly, Plaintiff
21  fails to state a cognizable claim for deliberate indifference to a serious medical need.

22      **E.   Due Process/Rules Violation Report**

23      Plaintiff contends his due process rights were violated when he was placed in administrative
24  segregation for five months pending the rules violation report issued under false pretenses.  The
25  CDCR-115 rules violation charge was later dropped to an administrative violation, yet Plaintiff was
26  put in administrative segregation for five months prior to the modification.
27      First, as with his prior complaint, Plaintiff does not indicate whether he suffered a credit loss as
28  a result of the rules violation.  Second, to the extent Plaintiff seeks to state a due process claim based

solely on the allegedly "false" allegations against Plaintiff, Plaintiff fails to state a cognizable claim under section 1983. A prisoner does not have a constitutional right to be free from falsified disciplinary reports. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (claims based on the falsity of charges, standing alone, do not state constitutional claims); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("[A] prison inmate has no constitutionality guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.") Accordingly, to the extent Plaintiff seeks to assert a claim against defendants based solely on false allegations which resulted in his temporary placement in administrative segregation pending a hearing for which he received, Plaintiff's claim is insufficient to state a due process violation. Therefore, Plaintiff fails to state a cognizable due process violation.

### F.  Inmate Appeals Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, Plaintiff cannot seek liability against a defendant merely because he or she denied his inmate grievance.

### G.  Access to Court Claim

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted). In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss any claims it finds to be improperly joined.

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's second amended complaint, filed June 11, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 31, 2014**

UNITED STATES MAGISTRATE JUDGE