UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MILLNER,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN BITER, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-02029-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 31] |

    Plaintiff James W. Millner is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On September 10, 2014, Plaintiff filed a third motion for the appointment of counsel.

    Plaintiff previously filed two motions for the appointment of counsel which were both denied on June 13, 2014, and June 27, 2014, respectively.

    As Plaintiff was previously advised, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Although Plaintiff contends he is disabled, Plaintiff has not provided substantial evidence to demonstrate that he in incapable of understanding and responding to court orders. Indeed, Plaintiff filed a third amended complaint in response to the Court's July 31, 2014, order dismissing the first amended complaint, with leave to amend.

Moreover, even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff alleges Eighth Amendment claims for excessive force and deliberate indifference to a serious medical need. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. However, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **September 15, 2014**                                   _____
                                                                  UNITED STATES MAGISTRATE JUDGE