UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MILLNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN BITER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-02029-SAB (PC)<br><br>ORDER FINDING CERTAIN CLAIMS COGNIZABLE, REQUIRING PLAINTIFF TO SERVE COMPLAINT ON CERTAIN DEFENDANTS WITHIN ONE-HUNDRED TWENTY DAYS, AND DISMISSING REMAINING CLAIMS AND DEFENDANTS FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 30] |

Plaintiff James W. Millner is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 12, 2012. Local Rule 302.

Now pending before the Court is Plaintiff's third amended complaint, filed September 10, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

1

1  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names several individuals as Defendants in this action and raises numerous alleged constitutional violations, some of which are unrelated. The crux of Plaintiff's third amended complaint is the failure to protect Plaintiff and the use of excessive force by prison staff against him.

On July 14, 2013, at approximately 7:30 p.m., Sergeant J. Anderson along with officers Marroquin and Rodriguez approached Plaintiff's cell. Anderson possessed Plaintiff's identification card which revealed that he was mobility impaired. Anderson ordered Plaintiff to step out of his cell and Plaintiff was handcuffed without resistance.

Sergeant Anderson, along with officer Marroquin and Rodriguez escorted Plaintiff from the yard to the program office. Plaintiff previously had eight back surgeries, three knee surgeries and two

2

1  shoulder surgeries. Plaintiff also contracted Valley Fever at Kern Valley State Prison (KVSP) in July
2  2012, which caused pneumonia, lesions, and scaring in his lungs, anemia, and chest pain which lead to
3  mobility impairment. Plaintiff told Anderson and Rodriguez that he could not maintain a fast pace and
4  could not breath due to his disabilities.

5  Anderson told Plaintiff that if he did not keep up that he was going down. Approximately half
6  way through the escort, Plaintiff was lagging behind due to his disabilities and Anderson grabbed
7  Plaintiff's neck, pulled him to the pavement, cutting off his air supply as he grinded Plaintiff's head
8  and face into the pavement. Anderson caused several spiral fractures to his right foot and injured his
9  right ankle, knee, shoulder, neck, and side of his head and face. Plaintiff was forced to walk
10 approximately one hundred yards to the program office in severe pain.

11 Defendant Rodriguez and Marroquin assisted Anderson in escorting and using force during the
12 incident on July 24, 2013.

13 Defendant J. Pelago called in a false report that Plaintiff assaulted nurse Ngadjou with a pill
14 capsule that put a violent escort in motion. Defendants Pelago, Sweetser, Sulier, failed to notify the
15 escorting officers that he was mobility impaired and suffered from Valley Fever symptoms. Sweetser,
16 Sulier, and Pair watched the escort and observed the excessive use of force and failed to take action to
17 stop or report it.

18 None of these Defendants summoned medical assistance for Plaintiff following the use of
19 force.

20 When Plaintiff reached the program office, he attempted suicide. Associate Warden Patrick
21 Denney directed Anderson to take Plaintiff to the Delano Hospital for treatment. Anderson would not
22 allow Plaintiff to use a wheelchair or ambulatory assistive device but forced him to walk in severe
23 pain. At the hospital, the doctor discovered several fractures in his foot and offered crutches but
24 Anderson denied them forcing Plaintiff to walk again in severe pain.

25 Associate Warden Denney allowed Plaintiff to be transferred to High Desert State Prison
26 (HDSP) on July 17, 2013, for two weeks for a mental health follow-up without allowing him to see an
27 orthopedic doctor, despite the order from the doctor at the hospital that Plaintiff was in need of
28

examination by an orthopedic the following morning.  The transfer to HDSP only caused further injury because Plaintiff did not receive proper medical treatment before leaving KVSP.

On July 15, 2013, a mandatory video-taped interviewed was conducted by Defendants D. Hicks, J.S. Diaz, and Sandoval, relating to the use of force.  Despite the officers' assurances that Plaintiff would receive proper medical treatment, they conspired to transfer Plaintiff to HDSP to avoid liability by KVSP prison officials.

In July 2012, Plaintiff contracted Valley Fever and Doctors Mui, Lozovoy, and Delieo did nothing to treat the side effects of such illness, which lead to the officer's use of force on July 14, 2013.  It took Dr. Delieo over two months to get Plaintiff into surgery after returning back to KVSP from HDSP.  According to Dr. Alade, the time lapse in waiting for surgery caused permanent damage to Plaintiff's left wrist and arm.  Dr. Delieo left Plaintiff's broken foot untreated and as of August 21, 2014, Plaintiff was still waiting for further surgery.

On April 23, 2012, Doctor Chin had Plaintiff's ADA vest removed from his person because he claimed he observed Plaintiff block a soccer ball with his cane.  Doctor Chin's actions lead to the officer's use of force on July 14, 2013.

Defendants J. Blackwell, Asarulislam Syed, Doctor N. Kumar, Captain Hixon, conspired to send Plaintiff to HDSP for a mental health follow up on July 17, 2013, without treatment for the great bodily injuries he suffered as  a result of the use of force on July 14, 2013.

### III.
### DISCUSSION

**A.     Rule 18 and 20 Requirements**

A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  However, unrelated claims that involve different defendants must be brought in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

**B.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Although it is not entirely clear from the allegations in the third amended complaint, Plaintiff appears to argue that Defendant J. Pelago is liable as an integral participant because he made a false report that Plaintiff assaulted nurse Ngadjou with a pill capsule that set the escort into motion, leading to the alleged violations. There is simply no factual support for Plaintiff's bare assertion that Defendant Pelago made a false report against nurse Ngadjou. Accordingly, Plaintiff does not state a claim for relief against Defendant J. Pelago.

However, based on Plaintiff's allegations in the third amended complaint, Plaintiff states a cognizable claim for excessive force against Defendants Anderson, Rodriguez, and Marroquin.

**C.     Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 833 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an

Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.  )).  Additionally, an officer can only be held liable for failing to intercede if he had a realistic opportunity to intercede and failed to do so.  Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

Based on Plaintiff's allegations in the third amended complaint, Plaintiff states a cognizable claim for failure to protect and/or intercede against Defendants Sweetswer, Sulier, and Pair.

**B.     Deliberate Indifference**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

1.     Treatment Following Use of Force

Following the transport and alleged use of force and failure to protect/intercede, Plaintiff contends that none of these Defendants summoned medical assistance despite the fact that he suffered great bodily injury as a result of the use of force.  Viewing Plaintiff's allegations liberally, as this Court must, Plaintiff states a cognizable claim for deliberate indifference to a serious medical need against Defendants Anderson, Marroquin, Rodriguez, Sweetswer, Sulier, and Pair.

However, Plaintiff's claim that Associate Warden Patrick Denney directed Anderson to take Plaintiff to Delano Hospital for treatment does not support a claim for deliberate indifference to his

serious medical needs, as there is no factual basis to support a finding Defendant Denney acted with "deliberate indifference."

Further, Plaintiff's claim that Defendant Doctor Chin had Plaintiff's ADA vest removed from his person because he observed Plaintiff block a soccer ball with his cane, does not give rise to a claim for deliberate indifference to a serious medical need. These facts simply fail to give rise to a claim for "deliberate indifference," and there is no connection between Doctor Chin's actions and that officer's subsequent use of force.

Accordingly, Plaintiff states a cognizable claim for deliberate indifference against Defendants Anderson, Marroquin, Rodriguez, Sweetswer, Sulier, and Pair.

2. <u>Treatment for Valley Fever</u>

Plaintiff contends that in July 2012, he contracted Valley Fever and Defendants Doctor Mui, Lozovoy, and Delieo did nothing to treat the side effects of such illness which lead to the use of force on July 14, 2013.

Plaintiff fails to state a cognizable claim for relief against these Defendants. There are no factual allegations that any of Defendants acted with the requisite knowledge, and Plaintiff therefore fails to state a claim against them for deliberate indifference. Plaintiff fails to allege that these Defendants knew that Plaintiff had Valley Fever, that they had the authority to arrange for treatment and failed to provide such to Plaintiff and that, knowing that no treatment to Plaintiff would result in further injury or infliction of pain at the hands of other prison officials.

Furthermore, Plaintiff's claim relating to the contraction and/or treatment for Valley Fever is unrelated to the claims of excessive force and subsequent denial of medical treatment that is gravamen of Plaintiff's complaint in the instant action. Accordingly, even if Plaintiff stated a cognizable claim relating to the contraction and treatment for Valley Fever, such claim would be subject to dismissal under Rules 18 and 20 of the Federal Rules of Civil Procedure as unrelated.   Fed. R. Civ. P. 18(a), 20(a)(2).

///

///

///

### D. Transfer to Different Prison

Plaintiff contends that in an attempt to cover-up the use of excessive force upon him and to escape liability, he was transferred to High Desert State Prison (HDSP) without proper medical treatment which caused further injury.

The Constitution does not guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 223-225 (1976); see also Rizzo v. Dawson, 778 F.2d 527 (9th Cir. 1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating the prisoner's due process rights).

Neither Plaintiff's classification nor his housing assignment gives rise to a claim for violation of the Eighth Amendment. Farmer v. Brennan, 511 U.S. at 847; Hudson v. McMillian, 503 U.S. at 9; Myron v. Terhune, 476 F.3d 716, 719 (9th Cir. 2007). Plaintiff has not shown that any named Defendant was deliberately indifferent to a substantial risk of harm to his safety, and the mere fact that Plaintiff was transferred for a mental health evaluation does not suffice to support a claim.

### E. Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a

1  constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th
2  Cir. 1989)) (internal quotation marks omitted).

3      Plaintiff contends the Chief Medical Officer (CMO) at KVSP allowed Plaintiff to be
4  transferred to HDSP was alleged responsible for reviewing and approving recommended procedures.
5  However, although Plaintiff may not have agreed with certain unknown decisions, there is no
6  indication that the CMO acted with deliberate indifference. Accordingly, Plaintiff fails to state an
7  Eighth Amendment claim against the CMO at KVSP during the relevant time period.

    **F.**    **Due Process-Placement in Administrative Segregation**

9      The Due Process Clause protects Plaintiff against the deprivation of liberty without the
10 procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221,
11 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson,
12 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. Id.
13 The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse
14 conditions of confinement, and under state law, the existence of a liberty interest created by prison
15 regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at
16 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks
17 omitted). Liberty interests created by prison regulations are generally limited to freedom from
18 restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary
19 incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks
20 omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

21     Plaintiff does not have a freestanding constitutional right to a particular classification level or
22 to be housed in a particular prison, see Olim v. Wakinekona, 461 U.S. 238, 244-245 (1983) (no
23 justifiable expectation of incarceration in a particular state); Meachum v. Fano, 427 U.S. 215, 224-225
24 (1976) (no justifiable expectation of incarceration in a particular prison within a state), and Plaintiff
25 has not demonstrated the existence of a state-created liberty interest in either, Wilkinson, 545 U.S. at
26 222-223; Myron, 476 F.3d at 718. In the absence of a protected liberty interest, Plaintiff's claim that
27 he was denied due process fails. Wilkinson, 545 U.S. at 221.
28 ///

9

Plaintiff's allegations that he was placed on CTQ (confined to quarters) status which prevented a Level III transfer, and denied access to church services, law library, telephone, canteen, packages, and visitation does not impose "atypical and significant hardship" giving rise to a liberty interest under the Due Process Clause. Accordingly, Plaintiff fails to state a cognizable due process claim.

### G. Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).

Plaintiff's allegation that Defendants J. Blackwell, Asarulislam Syed, Doctor N. Kumar, Captain Hixon, D. Hicks, J.S. Diaz, and Sandoval conspired to send Plaintiff to HDSP for mental health follow up on July 17, 2013, without treatment is factually unsupported and fails to state a cognizable claim for relief. Accordingly, Plaintiff fails to state a cognizable claim for conspiracy.

### H. Retaliation

Finally, Plaintiff alleges he suffered punitive reprisals by Chief Vera who allowed Defendant Widdle to inflict pain and mental injury for filing complaints.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's amended complaint fails to set forth any facts supporting a claim that adverse action was taken against him because of his engagement in conduct protected under the First Amendment. Watison v. Carter, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269

(9th Cir. 2009); Rhodes v. Robinson, 408 F.3d 559, 567-568 (9th Cir. 2005). Although Plaintiff has a protected right to file prison grievances, his bare assertion of retaliatory motive does not suffice to support a plausible claim. Watison, 668 F.3d at 1114; Brodheim, 584 F.3d at 1269. Accordingly, Plaintiff fails to state a cognizable retaliation claim.

### I. Further Leave to Amend

Although leave to amend should be "freely given," a court may deny leave to amend on the basis of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies by amendments previously allowed, or futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); see also McGlincy v. Shell Chem. Co., 845 F.2d 802, 809-810 (9th Cir. 1988) (citing Forman, 371 U.S. at 182) (holding district court did not abuse its discretion in denying the plaintiffs' request for leave to file a second amended complaint where they had failed to cure deficiencies in prior amended complaints. Id.

In this instance, Plaintiff has filed four complaints and previously been notified, two times, of the legal standards and deficiencies in the prior complaints and failed to cure such deficiencies. Accordingly, dismissal of those claims, without further leave to amend, is warranted as futile.

### J. Instructions on Plaintiff Initiating and Completing Service of Process

Plaintiff is not proceeding in forma pauperis and is therefore responsible for serving Defendants J. Anderson, D. Rodriguez, O. Marroquin, W. Sweetser, R. Sulier, and Pair in accordance with Rule 4 of the Federal Rules of Civil Procedure. Included with this order are the appropriate service forms and a copy of Rule 4. Unless good cause for an extension of time is shown, Plaintiff must complete service of process and file proof thereof with the Court within one-hundred twenty days. Fed. R. Civ. P. 4(m). The following two sections contain instructions on how to serve Defendants.

#### 1. Waiver of Service

Plaintiff has the option of notifying Defendants of the commencement of this action and requesting that they waive service of the summons. Fed. R. Civ. P. 4(d)(1). If Plaintiff wishes to do this, he must mail each Defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," (3) a copy of the third

amended complaint, and (4) a copy of this order.  The documents must be addressed directly to each Defendant (not the Attorney General's Office or any other governmental entity), and the documents must be sent by first-class mail or other reliable means.  Id.  The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each Defendant at least thirty days to return the waiver to Plaintiff.  If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the forms with the Court.  After filing the forms with the Court, Plaintiff does not need to do anything further to serve Defendants.  Fed. R. Civ. P. 4(d)(4).

2. Personal Service

Plaintiff must effect personal service on any Defendants whom Plaintiff does not request to waive service and on any Defendants who are requested to waive service but fail to return the Waiver of Service of Summons form to Plaintiff.  In either situation, the summons, a copy of the third amended complaint, and a copy of this order must be personally served on each Defendant (not the Attorney General's Office or any other governmental entity).  Plaintiff may not effect personal service himself.  Fed. R. Civ. P. 4(c)(2).  Service may be effected by any person who is not a party to this action and who is at least eighteen years old.  Id.  Plaintiff should review Rule 4(e), provided with this order, as it more fully addresses how personal service is done.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's claim of excessive force against Defendants J. Anderson, D. Rodriguez, and O. Marroquin; Plaintiff's failure to protect claim against Defendants W. Sweetser, R. Sulier, and Pair; Plaintiff's claim of deliberate indifference to serious medical need in violation of the Eighth Amendment against Defendants J. Anderson, O. Marroquin, D. Rodriguez, W. Sweetser, R. Sulier, and Pair;

2. All other claims and defendants are DISMISSED from the action for failure to state a cognizable claim for relief;

///

3. The Clerk of Court shall issue and send Plaintiff six summonses, and shall send Plaintiff one copy of the following documents:

    a) Third Amended Complaint filed September 10, 2014;

    b) "Notice of Lawsuit and Request for Waiver of Service of Summons;"

    c) "Waiver of Service;" and

    d) Rule 4 of the Federal Rules of Civil Procedure;

4. Plaintiff shall complete service of process on Defendants within **one-hundred twenty (120) days** from the date of service of this order; and

5. Unless good cause is shown, Plaintiff's failure to complete service of process on Defendants and to file proof thereof with the Court within one-hundred twenty days will result in dismissal of this action.

IT IS SO ORDERED.

Dated: **October 6, 2014**

UNITED STATES MAGISTRATE JUDGE