UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MILLNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN BITER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-02029-SAB (PC)<br><br>ORDER PROVIDING PLAINTIFF ADDITIONAL TIME TO SERVE DEFENDANT PELAGO<br><br>[ECF Nos. 55, 56] |

　　　　Plaintiff James W. Millner is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This action shall proceed on Plaintiff's claim of excessive force against Defendants J. Anderson, D. Rodriguez, and O. Marroquin; Plaintiff's failure to protect claim against Defendants W. Sweetser, R. Sulier, Pair, and Pelago; and Plaintiff's claim of deliberate indifference to serious medical need in violation of the Eighth Amendment against Defendants J. Anderson, O. Marroquin, D. Rodriguez, W. Sweetser, R. Sulier, and Pair.

　　　　Because Plaintiff paid the filing fee and he is not proceeding in forma pauperis in this action, he was provided instructions on serving all defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.  (ECF No. 33.)

　　　　On May 4, 2015, the summons was returned unexecuted as to Defendant J. Pelago.  (ECF No. 55.)  On this same date, Plaintiff filed a motion for further instructions on the procedure to serve

1

Defendant Pelago. (ECF No. 56.) The affidavit of unsuccessful service states that Deputy Kim Foreman, Sheriff's Aide was unable to personally serve officer J. Pelago at Kern Valley State Prison because there was no employee by this name at such location. (ECF No. 55.) Contrary to Plaintiff's claim, Defendant Pelago did not refuse service there simply was no officer by such name at the location provided by Plaintiff. Plaintiff is advised that it is his responsibility, not the Courts, to serve each of the Defendants in this action. If good cause appears, the Court may extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). A plaintiff may show good cause where, as here, he attempted to serve a defendant but has not yet completed it. See Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (applying the good cause standard); Mateo v. M/S KISO, 805 F.Supp. 792, 795 (N.D. Cal. 1992). Because Plaintiff has attempted, albeit unsuccessfully, to serve Defendant Pelago, the Court will grant Plaintiff an extension of thirty days from the date of service of this order to attempt further service of process on Pelago. However, Plaintiff is again advised that failure to service process on Defendant Pelago will result in dismissal of this Defendant without prejudice.

      Accordingly, it is HEREBY ORDERED that Plaintiff is granted **thirty (30)** days from the date of service of this order to attempt further service on Defendant Pelago.

IT IS SO ORDERED.

Dated:   **May 12, 2015**

UNITED STATES MAGISTRATE JUDGE

2