UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MILLNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN BITER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-02029-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY PENDING MOTION FOR SUMMARY JUDGMENT RELATING TO EXHAUSTION OF ADMINISTRATIVE REMEDIES<br><br>[ECF No. 71] |

Plaintiff James W. Millner is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 7, 2015, Defendants filed a motion to stay discovery pending resolution of their motion for summary judgment relating to exhaustion of the administrative remedies.

For the reasons explained below, the Court finds good cause to grant Defendants' protective order as to merits-based discovery, and therefore need not await the response period for Plaintiff to file an opposition.

**I.**

**LEGAL STANDARD**

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), *cert. denied*, 134 S.Ct. 117 (2013); *Hunt*, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett

1

v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery.  The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).  The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit.  Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

## II.
## DISCUSSION

Pursuant to the Court's standard practice in civil rights cases such as this, the discovery phase opens via the issuance of a discovery and scheduling order, and the discovery period is eight months long, with the potential for extension upon a timely showing of good cause.  Fed. R. Civ. P. 16(b).  In this case, the discovery phase commenced on May 5, 2015, with the issuance of the discovery and scheduling order, and the discovery deadline is set for January 5, 2016.  (ECF No. 57.)

Defendants have moved for a stay of discovery pending resolution of their motion for summary judgment for failure to exhaust the administrative remedies.

The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on unexhausted claims.  Albino, 747 F.3d at 1166.  Thus, the pending exhaustion motion has the potential to bring final resolution to some or all of Plaintiff's claims in this action, which would obviate the need for discovery as to those claims.  Gibbs, 2014 WL 172187, at *3.  In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later.  Albino, 747 F.3d at 1170.

The Court finds good cause to grant Defendants' motion for a protective order to stay discovery.  As stated, Defendants' motion for summary judgment is based on the ground that Plaintiff

failed to exhaust his administrative remedies for the claim at issue in this case. Resolution of Defendants' motion for summary judgment may cause discovery to be unnecessary. The Court does not anticipate a lengthy stay pending resolution of the motion for summary judgment, and therefore Defendants' motion to stay discovery shall be granted. Except for discovery related to whether Plaintiff failed to exhaust the administrative remedies, the parties are relieved of responding to any discovery requests or serving any discovery requests until the stay is lifted. If the parties have been served with discovery requests that do not relate to Plaintiff's exhaustion of administrative remedies, they shall retain the discovery for later consideration, if and until the stay has been lifted.

### III.

### ORDER

Accordingly, based on the foregoing, the Court HEREBY ORDERS as follows:

1. Defendants' motion to stay discovery, filed on July 7, 2015, is GRANTED; and
2. Discovery in this action, which commenced on February 5, 2015, is stayed pending resolution of Defendants' exhaustion motion.

IT IS SO ORDERED.

Dated:   **July 9, 2015**

UNITED STATES MAGISTRATE JUDGE