UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MILLNER,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN BITER, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-02029-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, AMENDING SCREENING ORDER ISSUED OCTOBER 7, 2014, AND DIRECTING CLERK OF COURT TO ISSUE SUMMONSES FOR DEFENDANT DR. DILEO<br><br>[ECF Nos. 30, 33, 78] |

Plaintiff James W. Millner is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's third amended complaint, filed September 10, 2014, against Defendants J. Anderson, D. Rodriguez, and O. Marroquin for excessive force, against Defendants W. Sweetser, R. Sulier, Pair, and Pelayo for failure to protect, and against Defendants J. Anderson, O. Marroquin, D. Rodriguez, W. Sweetser, R. Sulier, and Pair for deliberate indifference to a serious medical need.  (ECF Nos. 30, 33, 41.)

Now pending before the Court is Plaintiff's motion for reconsideration, filed July 20, 2015. (ECF No. 78.)  Plaintiff contends this Court did not issue a ruling with regard to his allegations against Defendant Dr. Dileo found at page nineteen,[1] paragraphs three through five of his third amended

---

[1] The page numbers identified herein refer to those assigned by the Court's electronic case management filing system.

1

complaint. Plaintiff points out that he does not dispute this Court's ruling with regards to paragraphs one and two of the third amended complaint. Plaintiff contends the Court erred in not addressing paragraphs three and five of his third amended complaint.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances …" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control …" Id. In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

As to the allegations against Defendant Dr. Dileo, the Court's October 7, 2014, screening order specifically stated:

> Plaintiff contends that in July 2012, he contracted Valley Fever and Defendants Doctor Mui, Lozovoy, and Delieo did nothing to treat the side effects of such illness which lead to the use of force on July 14, 2013.
>
> Plaintiff fails to state a cognizable claim for relief against these Defendants. There are no factual allegations that any of Defendants acted with the requisite knowledge, and Plaintiff therefore fails to state a claim against them for deliberate indifference. Plaintiff fails to allege that these Defendants knew that Plaintiff had Valley Fever, that they had the authority to arrange for treatment and failed to provide such to Plaintiff and that, knowing that no treatment to Plaintiff would result in further injury or infliction of pain at the hands of other prison officials.
>
> Furthermore, Plaintiff's claim relating to the contraction and/or treatment for Valley Fever is unrelated to the claims of excessive force and subsequent denial of medical treatment that is gravamen of Plaintiff's complaint in the instant action. Accordingly, even if Plaintiff stated a cognizable claim relating to the contraction and treatment for Valley Fever, such claim would be subject to dismissal under Rules 18 and 20 of the Federal Rules of Civil Procedure as unrelated. Fed. R. Civ. P. 18(a), 20(a)(2).

(ECF No. 33, Order at 7:11-25.)

///

To the extent Plaintiff seeks reconsideration based on his disagreement with the Court's screening decision and application of the law to his factual allegations, such argument is not grounds to grant reconsideration.  However, upon review of paragraphs three through five of Plaintiff's third amended complaint and the explanation provided in Plaintiff's present motion for reconsideration, Plaintiff states a cognizable claim against Defendant Dileo for deliberate indifference to a serious medical need, following the alleged use of excessive force and resulting delay in treatment.  That said, the Court notes that paragraphs three through five of Plaintiff's third amended complaint are obscured by Plaintiff's pleading format in which the preceding paragraphs allege that Dr. Dileo was primarily responsible for treating Plaintiff's side effects of Valley Fever which the Court found did not state a cognizable claim for relief.  (See Third Amd. Compl. at p. 19 ¶¶ 1-5.)  Nonetheless, because Plaintiff has clarified that he is seeking liability against Defendant Dr. Dileo based on the delay in treatment of Plaintiff's injuries following the alleged use of excessive force, the Court will amend the October 7, 2014, screening order to find a cognizable claim for deliberate indifference against Defendant Dr. Dileo as well as the other named Defendants, and provide Plaintiff with a summonses for service.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is granted;
2. The Court's October 7, 2014, screening order is amended to find a cognizable claim for deliberate indifference against Defendant Dr. Dileo;
3. The Clerk of Court is directed to issue Plaintiff a summonses for service on Defendant Dr. Dileo;
4. Plaintiff shall initiate service of process on Defendant Dr. Dileo in accordance with the Court's October 7, 2014, order; and

///
///
///
///
///
///

5. <u>All other provisions of the Court's October 7, 2014, order remain in full force and effect</u>.

IT IS SO ORDERED.

Dated: **August 6, 2015**

_____
UNITED STATES MAGISTRATE JUDGE