**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES W. MILLNER, | ) Case No.: 1:13-cv-02029-AWI-SAB (PC) |
| Plaintiff, | )<br>) |
| v. | ) ORDER ADOPTING FINDINGS AND<br>) RECOMMENDATIONS, GRANTING<br>) DEFENDANTS' MOTION TO STRIKE |
| MARTIN BITER, et al., | ) PLAINTIFF'S SURREPLY, AND DENYING<br>) MOTION FOR SUMMARY JUDGMENT |
| Defendants. | ) SUBJECT TO AN EVIDENTIARY HEARING<br>) |
| | ) (Doc. Nos. 70, 73, 89, 108, 110) |

Plaintiff James W. Millner is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On January 11, 2016, the Magistrate Judge filed a Findings and Recommendations ("F&R") which were served on the parties and which contained notice to the parties that any objections were to be filed within thirty days.  Defendants filed objections on January 28, 2016, and Plaintiff filed a response on February 29, 2016.[1]  See Doc. Nos. 109, 111.

Defendants object that there is no authority for the proposition that an inmate's mental and physical condition, without more, can render administrative remedies effectively unavailable.  Moreover, even if such an exception exists, it should not apply in this case because Plaintiff did not file a late-appeal.[2]  Although Plaintiff declares that he filed a late appeal that somehow "disappeared,"

---

[1] Inasmuch as Plaintiff filed a response to Defendants' objections to the Findings and Recommendation on February 29, 2016, Plaintiff's motion to stay the recommendation, filed February 8, 2016, shall be denied as moot.  (ECF No. 110.)

[2] Defendant also objects that the F&R incorrectly found that Plaintiff was confined to a medical health crisis bed and was on suicide watch between August 5 and August 13, 2013.  Defendant is correct that Plaintiff was not confined to a medical crisis bed or on suicide watch between August 5 and August 13.  See Doc. No. 76 at p.4; Doc. No. 94 at p.4.  However, it is not clear to the Court that the F&R found that Plaintiff was in the medical crisis bed or on suicide watch from August 5 forward.  As part of the F&R's recitation of facts and the parties' contentions, the F&R recites Defendants' position that Plaintiff was not in a medical crisis bed or on suicide watch from August 5 forward, and then describes Plaintiff's response.  See Doc. No. 108 at pp.9-10.  The Court will not view the F&R as finding that Plaintiff was in a medical crisis bed or on suicide watch after August 5, 2013.

1

he submits only a self-serving declaration and did not attach a copy of the allegedly cancelled appeal. Further, there is no evidence that he appealed the improper cancelling of his grievance.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having reviewed the record, the Court is not convinced by Defendants' objections.

First, Defendants appear to be correct that the Ninth Circuit has not addressed the issue of whether an inmate's physical or mental condition may render an administrative remedy "effectively unavailable." However, Defendants are incorrect that there is no authority for this proposition. A number of courts, including courts within the Ninth Circuit, have recognized that an administrative remedy can be "effectively unavailable" when: "(1) an inmate's untimely filling of a grievance is because of a physical injury, and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance." Days v. Johnson, 322 F.3d 863, 868 (5th Cir. 2003); see also, e.g., Braswell v. Corrections Corp. of Am., 419 Fed. Appx. 622, 625 (6th Cir. 2011); Ollison v. Vargo, 2012 U.S. Dist. LEXIS 156750, *4-*6 (D. Or. Nov. 1, 2012); Michalek v. Lunsford, 2012 U.S. Dist. LEXIS 56975, *10-*11 (E.D. Ark. Apr. 5, 2012); Jenkins v. Federal Bur. of Prisons, 2011 U.S. Dist. LEXIS 220926, *14-*15 (D. S.C. Sept. 26, 2011); Williams v. Hayman, 657 F.Supp.2d 488, 496 (D. N.J. 2008); Baker v. Schriro, 2008 U.S. Dist. LEXIS 19892, *14 (D. Ariz. Mar. 4, 2008); Machalis v. Taylor, 2008 U.S. Dist. LEXIS 5652, *7 (E.D. Cal. Jan. 24, 2008); Holcomb v. Director of Corr., 2006 U.S. Dist. LEXIS 85683, *19-*20 (N.D. Cal. Nov. 14, 2006); Gabby v. Meyer, 390 F.Supp.2d 801, 804 (E.D. Wis. 2005). Thus, an inmate's physical or mental condition can render administrative remedies "effectively unavailable." See id.

Second, there is evidence that Plaintiff did attempt to file a late appeal after he had recovered from his injuries. Plaintiff has indicated that he submitted a late appeal, he did not receive a response, an appeals coordinator said that the appeal was not on file and no copies of the appeal were available, and that someone in the appeals office told him his issue was "untimely." See Doc. No. 74 at p.8 & Ex. A. This implicates the second requirement of *Days* – a complaint rejected as untimely. It also implicates the principle that improper screening of an administrative complaint may render administrative remedies "effectively unavailable." See Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th

Cir. 2010).  Defendants' argument that Plaintiff failed to appeal the improper "cancelling of the appeal" is not persuasive because there was no "cancelling" or formal rejection.  Plaintiff has indicated that he was told that no appeal was on file, which would mean that there was no formal decision or cancellation of the appeal.

In sum, the F&R correctly found that Plaintiff has presented sufficient evidence to raise a genuine disputed issue of material fact as to whether administrative remedies were "effectively unavailable." Defendants' objections are overruled, and the Court will adopt the F&R in full.

Additionally, with respect to Plaintiff's motion for summary judgment (which addressed the merits of his underlying claims), the Court granted Defendants' request to stay briefing until the Defendants' motion relating to exhaustion had been resolved.  The issue of exhaustion cannot be resolved without an evidentiary hearing, as recognized by the F&R.  Because further proceedings are necessary, the Court finds that the most advisable course is to deny Plaintiff's summary judgment motion without prejudice.  If the exhaustion issue is resolved in Plaintiff's favor, he may re-notice his summary judgment motion, and a new briefing schedule will be entered at that time.

Accordingly, IT IS HEREBY ORDERED that:

1.   The F&R, filed on January 11, 2016, (Doc. No. 108) is ADOPTED in full;

2.   Defendants' motion to strike Plaintiff's sur-reply (Doc. No. 89) is GRANTED;

3.   Defendants' motion for summary judgment (Doc. No. 70) is DENIED;

4.   Plaintiff's cross-motion for summary judgment (Doc. No. 73) is DENIED without prejudice to re-noticing after the issue of exhaustion is resolved;

5.   Plaintiff's motion to stay the F&R (Doc. No. 110) is DENIED; and

5.   This matter is referred to the Magistrate Judge for the purpose of setting and conducting an evidentiary hearing on the issue of exhaustion.

IT IS SO ORDERED.

Dated:   March 8, 2016                          _____

                                        SENIOR  DISTRICT  JUDGE