UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MILLNER,<br><br>   Plaintiff,<br><br>  v.<br><br>MARTIN BITER, et al.,<br><br>   Defendants. | Case No.: 1:13-cv-02029-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL AND APPOINTMENT OF EXPERT WITNESS<br><br>[ECF No. 118] |

  Plaintiff James W. Millner is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

  Currently before the Court is Plaintiff's fourth motion for appointment of counsel and/or appointment of an expert witness. (ECF No. 118.)

  As Plaintiff is aware, there is no constitutional right to appointed counsel in this action, Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Palmer, 560 F.3d at 970.

  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional

1 circumstances exist, the Court must evaluate the likelihood of success on the merits and the ability of
2 the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.
3 Palmer, 560 F.3d at 970.

4      In the instant case, the Court does not find the required exceptional circumstances.  Even if it is
5 assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if
6 proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases
7 almost daily.  Further, at this stage in the proceedings, the Court cannot make a determination that
8 Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court
9 does not find that Plaintiff cannot adequately articulate his claims.  Palmer, 560 F.3d at 970.

10      While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his
11 incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See
12 Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of
13 further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the
14 facts necessary to support the case.")  The test is whether exceptional circumstances exist and here,
15 they do not.  Therefore, Plaintiff's request for the appointment of counsel to represent him during an
16 evidentiary hearing relating to exhaustion of the administrative remedies must be denied.

17      With regard to Plaintiff's alternative request for appointment of an expert witness, Plaintiff is
18 advised that an expert witness may testify to help the trier of fact understand the evidence or determine
19 a fact at issue.  Fed. R. Evid. 702.  Under Rule 706(a) of the Federal Rules of Evidence, the Court has
20 discretion to appoint a neutral expert on its own motion or on the motion of a party.  Fed. R. Evid.
21 706(a); Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).
22 Rule 706 does not contemplate court appointment and compensation of an expert witness as an
23 advocate for Plaintiff.  See Gamez v. Gonzalez, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1
24 (E.D. Cal. June 3, 2010).  Indeed, appointment of an independent expert under "Rule 706 should be
25 reserved for exceptional cases in which the ordinary adversary process does not suffice."  In re JoinT
26 E. & S. Dists. Asbestos Litig., 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of
27 independent expert in mass tort case).
28

1  This case is not exceptional. The appointment of an independent expert is to assist the trier of fact, not a particular litigant. The Court may not appoint an expert witness to advocate for Plaintiff at trial. Plaintiff fails to provide a valid basis to require the appointment of a neutral expert witness to assist the Court and/or a jury.

Based on the foregoing, Plaintiff's motion for appointment of counsel or appointment of an expert witness is DENIED.

IT IS SO ORDERED.

Dated:  **March 30, 2016**

UNITED STATES MAGISTRATE JUDGE