UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MILLNER,<br><br>       Plaintiff,<br><br>    v.<br><br>MARTIN BITER, et al.,<br><br>       Defendants. | Case No.: 1:13-cv-02029-AWI-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS<br><br>[ECF No. 143] |

      Plaintiff James W. Millner is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

      Currently before the Court is Plaintiff's motion for production of documents, filed August 15, 2016.

      On April 28, 2016, the Court held an evidentiary hearing on the issue of whether Plaintiff exhausted the administrative remedies. On May 3, 2016, Defendants requested a copy of the transcript of the evidentiary hearing, and the transcript was produced on June 2, 2016.

      On July 13, 2016, Defendants filed a request to submit supplemental briefing on the issue of exhaustion of the administrative remedies in light of the United States Supreme Court's recent decision in <u>Ross v. Blake</u>, 136 S.Ct. 1850 (June 6, 2016). The Court granted Defendants' request on July 15, 2016, and Defendants were provided fourteen days to submit a supplemental brief, and Plaintiff was granted twenty-one days from the date of Defendants' filing to submit a response.

In the instant motion, Plaintiff requests a copy of the transcript from the evidentiary hearing and a copy of the United States Supreme Court's decision in Ross v. Blake, as he contends the prison does not have a copy of the recent decision.

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the Court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." A request for a transcript at government expense should not be granted unless "the appeal presents a substantial issue." Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984).

In this instance, the Court granted Defendants' request to submit a supplemental brief in light of the Supreme Court's recent decision in Ross. Defendants filed their brief supported by argument and citations to the decision in Ross and attached portions of the transcript from the evidentiary hearing. Under these circumstances, the Court finds a substantial issue involved that warrants production of the evidentiary transcripts at government expense to assist Plaintiff in drafting his brief. 28 U.S.C. § 1915(c)(2). Accordingly, the Court will direct the court reporter to provide Plaintiff a copy of the transcript of the April 28, 2016, evidentiary hearing at government expense. In light of

this ruling, the Court will extend the deadline for Plaintiff to submit a response to Defendants' supplement brief.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for a copy of the evidentiary hearing transcript at the expense of the United States government is GRANTED;
2. The court reporter is directed to provide Plaintiff a copy of the transcript of the May 13, 2015, evidentiary hearing at the expense of the United States government;
3. The Clerk of Court is directed to send Plaintiff a copy of the United States Supreme Court decision in Ross v. Blake, 136 S.Ct. 1850 (June 6, 2016) (attached hereto); and
4. Plaintiff is granted thirty (30) days from the date of service of this order to file a response to Defendants' supplemental brief.

IT IS SO ORDERED.

Dated: **August 31, 2016**

UNITED STATES MAGISTRATE JUDGE